**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARIA DOMINGUEZ CIFUENTES**<br>**Plaintiff,**<br><br>v.<br><br>**DR. JAY JEMAIL**<br>**Defendant.** | **CIVIL ACTION NO. 20-2874** |

**MEMORANDUM OPINION**

Rufe, J.                                                                                      **March 25, 2021**

  Plaintiff Maria Cifuentes filed this action against Defendant Dr. Jay Jemail seeking

damages for injurious falsehood, libel, slander, intentional infliction of emotional distress,

negligence, loss of consortium and breach of contract.[1] Defendant now moves to dismiss this

action under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below,

Defendant's motion will be granted.

**I. BACKGROUND[2]**

  This action stems from a longstanding custody dispute between Plaintiff and her ex-

husband. In 2015, the Court of Common Pleas of Delaware County oversaw the child custody

proceeding between Plaintiff and her ex-husband.[3] The court ordered supervised partial physical

---

[1] Plaintiff filed suit in the Philadelphia Court of Common Pleas. Defendant removed the action based on diversity of citizenship as the amount in controversy exceeds $75,000 and Defendant is a citizen of Delaware while Plaintiff resides in Pennsylvania (the Complaint alleges that Plaintiff moved to the United States from Argentina in 2013; it is not clear from the record whether Plaintiff is a United States citizen, but there is complete diversity in either event).

[2] The facts alleged in the Complaint are assumed to be true for purposes of the motion to dismiss. Plaintiff alleged additional facts in the opposition to the motion to dismiss as noted below.

[3] *See* Opinion, Court of Common Pleas of Delaware County, No. 2015-080484 at 5 (Dec. 5, 2017 Del. Cnty. Ct. Comm. Pl.) [Doc. No. 2, Ex. C]. Plaintiff references the court proceedings in her Complaint.

custody to Plaintiff in the form of two weekly hour-long visitation sessions to be supervised by security personnel and "observed by an independent Spanish/English speaker interpreter."[4]

Plaintiff alleges that, between 2015 and 2018, Defendant Dr. Jay Jemail, the interpreter hired by her ex-husband, was paid by her ex-husband to take notes to be used against her and wrongfully terminated visits.[5] Plaintiff also claims that Defendant provided false testimony about a 2017 incident that lead to Plaintiff spending 35 days in jail for violating a Protection from Abuse ("PFA") order,[6] and that in 2017 and 2018, Defendant lied to the custody evaluator assigned to the child custody proceeding.[7]

## II.   LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] It need not provide in-depth factual allegations, but must contain more than conclusory statements or a "formulaic recitation of the elements."[9]

In order to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[10] The plausibility standard is less than probability, but more than a mere possibility.[11] The Court must accept the

---

[4] *Id.* at 6.

[5] *See* Plf.'s Resp. [Doc. No. 5] at 5–6.

[6] *See* Compl. at 5.

[7] *See* Plf.'s Reply [Doc. No. 5] at 9–13 ("the lies told by Dr. Jemail which are the basis, in one respect or another, of all the claims in the complaint were made during 2017 and 2018").

[8] Fed. R. Civ. P. 8(a)(2).

[9] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

[11] *Id.*

well-pleaded facts of the complaint as true and make all inferences in the plaintiff's favor, but will disregard "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements."[12]

## III. DISCUSSION

Preliminarily, Defendant argues that that all claims against her are barred by quasi-judicial immunity and the statute of limitations. The Court will consider these arguments before turning to the merits of Plaintiff's claims.

### A. Plaintiff's Claims are Not Barred by Immunity or the Statute of Limitations

#### 1. Defendant is not immune from suit as a matter of law

Defendant argues that because she was working as an interpreter pursuant a court order, she is immune from suit. Under Third Circuit law, quasi-judicial immunity, or immunity given to those who act "as an arm of the court," extends to the acts authorized by court order, but will not provide immunity for the manner in which a court order is executed.[13]

The state court order required that Plaintiff's visitation sessions be "observed by an independent Spanish/English speaker interpreter" without requiring anything further from the Defendant.[14] Plaintiff alleges that Defendant exceeded the authorization of that order by taking notes and lying to a custody evaluator. Plaintiff's allegations are "premised on an alleged inappropriate exercise of those functions" designated by the state-court judge and go to the

---

[12] *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (citations omitted).

[13] *Russell v. Richardson*, 905 F.3d 239, 250 (3d. Cir. 2019).

[14] Opinion, Court of Common Pleas of Delaware County, No. 2015-080484 at 6 (Dec. 5, 2017 Del. Cnty. Ct. Comm. Pl.) [Doc. No. 2, Ex. C].

manner in which the court order was executed. [15] Quasi-juridical immunity is not a basis for dismissal.

   2.   *Plaintiff's Claims are not Barred by the Statute of Limitations as a Matter of Law*

Defendant argues that the statute of limitations bars Plaintiff's claims for defamation, injurious falsehood, intentional infliction of emotional distress, and negligence. The statute of limitations is two years for claims of intentional infliction of emotional distress and negligence,[16] and one year for claims of defamation and injurious falsehood.[17] Defendant argues that because the allegedly false testimony was given before Plaintiff was found guilty of violating the PFA on September 5, 2017, the claims had to be brought within one or two years of that date. Plaintiff's claims were not filed until November 12, 2019.

The statute of limitations begins to run when the right to institute and maintain a suit arises, which in a suit for personal injuries, is generally when the injury is inflicted. [18] However, Pennsylvania follows the discovery rule, under which a statute of limitations will not begin to run until a plaintiff discovers or reasonably should discover that they have been injured and that the injury was caused by another's conduct.[19] The application of the discovery rule is a question for the factfinder unless reasonable minds would not differ in finding that the party knew or should have known of the injury and its cause.[20]

---

[15] *Russell*, 905 F.3d at 251.

[16] 42 Pa. C.S. § 5524.

[17] 42 Pa. C.S. § 5523(1); *see also Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 246 (Pa. 2002) (holding that § 5523(1) applies to claims for injurious falsehood).

[18] *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005) (citations omitted).

[19] *Id.* at 858.

[20] *Adams v. Zimmer US, Inc.*, 943 F.3d 159, 164 (3d Cir. 2019) (citations omitted).

4

Here, Plaintiff alleges that she was unable, by means of exercising reasonable diligence, to discover the alleged injurious acts and the injury suffered until Defendant's notes were turned over in November of 2018.[21] At the pleading stage, the Court must accept the well-pleaded facts of the complaint as true and make all inferences in the plaintiff's favor. The Court cannot determine at this time that Plaintiff's claims are barred by the statute of limitations as matter of law.

### B.  Plaintiff Fails to State a Claim for Libel, Slander, or Injurious Falsehood

#### 1.  *Defamation Claims*

Plaintiff alleges that the Defendant made false reports during her visitation periods and false statements to the custody evaluator that constitute defamation.[22] To allege a claim of defamation under Pennsylvania law, a plaintiff must plead: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of the defamatory meaning; (5) an understanding by the recipient that the defendant intended it to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and, if applicable, (7) abuse of a conditionally privileged occasion.[23]

Plaintiff's allegations are insufficient under Pennsylvania law. Plaintiff has not alleged any special harm as a result of the defamation, which requires "a specific monetary or out-of-

---

[21] There is some confusion as to when the notes were turned over, s*ee* Doc. No. 5, Ex. B at 13–14, which further demonstrates that the dispute is not appropriately resolved on a motion to dismiss. As noted above, Plaintiff also argues in her opposition to the motion to dismiss that false statements were made in 2018.

[22] *See* Plf.'s Resp. [Doc. No. 5] at 14 (providing examples of statements such as "Marina falsified resume," "Marina unreliable & manipulative," and "Careless of children's safety.").

[23] 42 Pa. C.S. § 8343(a)(1)-(7).

pocket loss as a result of the defamation."[24] Plaintiff's harm is not as a result of the alleged defamation, but instead stems from rulings by the state court in the custody and protection from abuse proceedings, which this court cannot revisit.[25] Plaintiff's claims for slander and libel will be dismissed.

### 3. Injurious Falsehood

Plaintiff has also asserted a claim for injurious falsehood[26] based on Defendant's allegedly false reports and statements. A claim for Injurious falsehood "is meant to compensate a vendor for pecuniary loss suffered because statements attacking the quality of [their] goods have reduced their marketability."[27] Because Plaintiff does allege that her business or profession was affected by Defendant's statements she has failed to assert a cognizable claim for injurious falsehood.[28]

---

[24] *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 580 (E.D. Pa. 1999) (citing Restatement (Second) of Torts § 575).

[25] *See Gary v. Braddock Cemetery*, 517 F.3d 195, 206 (3d Cir. 2008) (citations and quotations omitted) ("Under [the] *Rooker–Feldman* [doctrine], a federal court lacks subject matter jurisdiction when, in order to grant the relief sought, the federal court must conclude that the state court's judgment in a prior proceeding was entered in error, or must take action that would render the state judgment ineffectual.") (internal quotation marks and citation omitted).

Plaintiff also has not sufficiently alleged that Defendant's defamatory words constitute as "slander per se," which do not require allegations of a special harm. *Clemente v. Espinosa*, 749 F. Supp. 672, 677 (E.D. Pa. 1990). Slander per se is limited to words imputing (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct. *Id.* ) (citing Restatement (Second) of Torts § 570).

[26] The claim goes by various names in Pennsylvania, including "disparagement of title," "slander of title," "trade libel," and "commercial disparagement." *See Pro Golf Mfg.*, 809 A.2d. at 247 (citation omitted).

[27] *U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 924 (1990) ("An action for commercial disparagement is meant to compensate a vendor for pecuniary loss suffered because statements attacking the quality of his goods have reduced their marketability, while defamation is meant to protect an entity's interest in character and reputation.").

[28] Even if a claim for injurious falsehood were applicable, Plaintiff has not asserted that she suffered a pecuniary harm.

### C.  Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress

Plaintiff brings a claim of intentional infliction of emotional distress asserting that Defendant's allegedly false notes and Defendant's alleged lies to the custody evaluator to benefit the children's father are conduct "so extreme in degree as to go beyond all possible bounds of decency" and that "[e]very civilized community would agree that this behavior is atrocious and utterly intolerable."[29]

A claim for intentional infliction of emotional distress requires "intentional extreme and outrageous conduct on the part of the tortfeasor, which causes severe emotional distress to the plaintiff."[30] The bar is extremely high; sufficiently outrageous conduct requires actions such as the concealment of a child's body, the fabrication of records that resulted in a false murder charge, or the deliberate venting of a deadly substance.[31] Here, Defendant's alleged conduct does not rise to the level of extreme conduct that has been held actionable, and must be dismissed.

### D.  Plaintiff Fails to State a Claim for Negligence

Plaintiff brings a claim for negligence, arguing that Defendant had a duty to take truthful notes while working as a neutral observer during Plaintiff's visitation time and breached that duty by taking notes that included false statements. To state a negligence claim Plaintiff must

---

[29] Plf.'s Resp. [Doc. No. 5] at 15.

[30] *Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 216 (Pa. Super. Ct. 2002); *see also* Restatement (Second) of Torts § 46, Comment d (in cases for intentional infliction of emotional distress, "[i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.").

[31] *See Brown v. Friel*, No. 16-1819, 2019 WL 4034684, at *17 (E.D. Pa. Aug. 26, 2019) (collecting cases); *Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1172 (Pa. Super. Ct. 1989) (While Field was in the tunnel, PECO personnel deliberately vented radioactive gases into the tunnel where they knew Field was working.").

allege: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.[32]

Here, Plaintiff cannot show that Defendant owed her a duty of care. The court overseeing the custody dispute ordered the children's father to hire an interpreter/observer to oversee Plaintiff's visitation time.[33] The arrangement contained no mention of Defendant being in any way obliged to Plaintiff, and Plaintiff has cited to no analogous case law or identified how a duty arose under these circumstances.

### E.  Plaintiff Fails to State a Claim for Breach of Contract

Plaintiff argues that Defendant breached a contract between Defendant and Plaintiff's ex-husband to which Plaintiff was a beneficiary. To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract, including its essential terms, (2) a breach of the contract, and (3) resultant damages.[34] Under Pennsylvania law, a third-party intended beneficiary can sue for breach of contract even when the actual parties to the contract did not express an intent to benefit the third party.[35]

Plaintiff has not adequately alleged that she is a third-party beneficiary of the contract. A claimed beneficiary of a contract must satisfy a two-part test: "(1) the recognition of the

---

[32] *Estate of Swift v. Northeastern Hosp. of Phila.*, 690 A.2d 719, 722 (Pa. Super. Ct. 1997) (citing *Pittsburgh National Bank v. Perr*, 637 A.2d 334, 336 (Pa. Super. Ct. 1994)).

[33] Opinion, Court of Common Pleas of Delaware County, No. 2015-080484 at 6 (Dec. 5, 2017 Del. Cnty. Ct. Comm. Pl.) [Doc. No. 2, Ex. C] (the court overseeing the custody dispute ordered the Plaintiff be provided "two sessions a week for one hour each, supervised by security personnel who may carry concealed arms and observed by an independent Spanish/English speaker interpreter.").

[34] *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).

[35] *Shumate v. Twin Tier Hospitality, LLC*, 655 F. Supp. 2d 521, 535 (M.D. Pa. 2009).

beneficiary's right must be 'appropriate to effectuate the intention of the parties,' and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary" or 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.'"[36] Neither prong is met.

Plaintiff has made the conclusory statement that "[s]he was the beneficiary of the contract,"[37] but has alleged no facts showing that there was any intent between the promisor and promisee that she benefit in any way from performance of the alleged contract. Plaintiff's claim for breach of contract will be dismissed.

### F.  Pennsylvania Courts do not Recognize Filial Loss of Consortium

Plaintiff brings a claim for loss of consortium against Defendant for allegedly having cancelled visitation periods with her children and for allegedly playing a part in denying Plaintiff a relationship with her children. Because Pennsylvania law "does not recognize a right of filial consortium," this claim must be dismissed.[38]

### G.  Punitive Damages are not a Free-Standing Claim

Plaintiff's Complaint includes a separate claim for punitive damages.  Punitive damages are a remedy, not an independent cause of action.[39] Because all of Plaintiff's substantive claims have been dismissed, Plaintiff's claim for punitive damages must also be dismissed.

---

[36] *Id*. at 535 (quoting *Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Assocs.*, 39 F. Supp. 2d 517, 535 (M.D. Pa. 1999)).

[37] *See* Plf.'s Resp. [Doc. No. 5] at 18.

[38] *James v. Albert Einstein Med. Ctr.*, 170 A.3d 1156, 1163 (Pa. Super. Ct. 2017) (citation omitted).

[39] *See Jefferies v. Ameriquest Mortg. Co.*, 543 F. Supp. 2d 368, 390 (E.D. Pa. 2008) (collecting cases).

## IV.  CONCLUSION

Defendant's motion to dismiss will be granted as to all claims. Plaintiff has requested leave to amend, and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust" or when amendment would be futile.[40] The Court will allow Plaintiff the opportunity to file an amended complaint that conforms with the Court's ruling. An order will be entered.

---

[40] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).